Richmond

# PAUL WAYNE FOUTS

v.

# DONNIE G. ANDERSON

January 12, 1979.

Record No. 771486.

Present: All the Justices.

*Ronald W. Williams (Warren, Parker, Williams & Stillwell*, on brief), for plaintiff in error.

*Coleman B. Yeatts, Sr. (Yeatts, Overbey & Yeatts*, on brief), for defendant in error.

PER CURIAM.

Paul Wayne Fouts, plaintiff, brought this action against Donnie G. Anderson, defendant, to recover damages for personal injuries sustained as a result of an accident allegedly caused by defendant's negligent operation of his automobile. Defendant filed a plea in bar and a motion to dismiss on the ground that plaintiff's exclusive remedy was under the Virginia Workmen's Compensation Act, Code § 65.1-1 *et seq.* The trial court, after hearing evidence and arguments of counsel, sustained the plea in bar and dismissed the action.

The sole question presented on this appeal is whether the accident arose out of and in the course of plaintiff's employment.

On the day of the accident, January 20, 1976, both plaintiff and defendant were employees of the Goodyear Tire and Rubber Company located near Danville in Pittsylvania County. Each party had parked his automobile in the parking lot provided by the company for its employees before "checking in" for work that morning.

Shortly after completing his workday, at approximately 3:00 p.m., plaintiff went to the parking lot to commence his drive home. As he was driving his car out of the lot, plaintiff recalled that he had agreed to meet another Goodyear employee to "pick up" a used carburetor which he had purchased the week before. Plaintiff did not stop or turn his car around at that time due to the heavy traffic and proceeded out of the parking lot onto the state highway. He drove up the highway, turned around, drove back down the highway, and reentered the parking lot. After he had stopped, his car was struck by the defendant's automobile. Defendant had also concluded his workday at the plant at approximately 3:00 p.m., but had been delayed in leaving the parking lot as he awaited his car pool riders.

Goodyear's Workmen's Compensation insurance carrier began paying the plaintiff compensation on the ground that his injury was compensable because the accident had occurred on Goodyear's parking lot. Some months later, the insurance carrier took a statement from the plaintiff in which he related that he had left the parking lot and returned to the lot on a personal mission when the accident occurred. As a result, plaintiff's compensation was terminated.

Plaintiff conceded that the accident occurred on the premises of Goodyear, but he contends that since he had completed his workday, departed from the parking lot and returned to the lot on a purely personal mission, the injury sustained had no causal relation to his employment. Thus, he argues that the accident and his injuries did not arise out of and in the course of his employment and did not bar his tort action against the defendant.

On the other hand, the defendant argues that even though plaintiff had departed from the parking lot and returned shortly thereafter, this slight deviation did not deprive plaintiff of his right to compensation under the Workmen's Compensation Act. Thus, he argues that plaintiff cannot maintain a tort action.

When an employee subject to the Act is injured by a fellow employee, an award under the Act is his exclusive remedy. Code § 65.1-40. But, an injury is not compensable under the Act unless it is one "arising out of and in the course of the employment." Code § 65.1-7. The unique circumstances of each case control whether the injury is compensable. *Ferrell* v. *Beddow*, 203 Va. 472, 475, 125 S.E.2d 196, 199 (1962).

The expressions "arising out of" and "in the course of" are used conjunctively and are not synonymous. Both conditions must be satisfied before compensation may be awarded. *Baggett Transportation Company, et al.* v. *Dillon, et al.*, 219 Va. 633, 248 S.E.2d 819 (1978); *Southern Motor Lines* v. *Alvis*, 200 Va. 168, 170, 104 S.E.2d 735, 737 (1958).

The words "arising out of" refer to the origin or cause of the accident. We have adopted the test that an injury "arises out of" employment, "when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Brown* v. *Reed*, 209 Va. 562, 564, 165 S.E.2d 394, 397 (1969); *Conner* v. *Bragg*, 203 Va. 204, 208, 123 S.E.2d 393, 397 (1962). The causative risk must be peculiar to the work and incidental to the character of the business and not independent of the relation of master and servant. *Conner, supra.*

The words "in the course of" employment refer to the time, place and circumstances under which the accident occurred. *Brown* and *Conner, supra.*

Although there is some authority to the contrary, a great majority of courts hold that a parking lot owned or maintained by an employer for his employees constitutes a part of the employer's premises, and an injury sustained by an employee while in such lot, or passing through it, to or from his working place, or area, has been held in most circumstances to arise out of or in the course of employment. 1 Larson, Workmen's Compensation § 15-45 at 4-62 (1978), and the cases there collected; 82 Am. Jur. 2d Workmen's Compensation § 268 at 54 (1976); Annot., 159 A.L.R. 1395 *et seq.* (1945). But the mere fact that an injury occurs on a parking lot provided by an employer for his employees does not necessarily make it arise out of and in the course of employment. *Fisher Body Division, General Motors Corp.* v. *Industrial Commission,* 40 Ill.2d 514, 240 N.E.2d 694 (1968); 99 C.J.S. *Workmen's Compensation* § 234 at 834 (1958).

■ Defendant relies on *Brown, supra,* as controlling in the present case. In that case, Brown was involved in an automobile accident in the company parking lot with a fellow employee, Reed. Brown had changed clothes in the locker room and was on his way to "punch in" for his workday. Reed had completed his day's work, had "punched out", and was leaving for home. Brown conceded that he was in the course of his employment, but contended that Reed was not since he had completed work. We held that both parties were in the course of their employment at the time of the accident, since Reed's "punching out" did not instantaneously end his work connection, and, therefore, that the tort action against him was barred.

We do not agree with defendant's contention that *Brown, supra,* is controlling here. The cases are clearly distinguishable on the facts.

In the present case, there was no causal connection between plaintiff's work and his injury. Plaintiff had completed his workday when he left the company's parking lot. His reentry into the parking lot was not related to or in any way connected with his employment. Plaintiff incurred the risk of injury while he was solely on a mission for his own convenience. Thus, we hold that plaintiff's injury was not one "arising out of" and did not occur "in the course of" his employment. Hence, plaintiff's injury was not compensable under the act and he was not barred from instituting this tort action.

For the reasons stated, the judgment is reversed, plaintiff's motion for judgment is reinstated, and the case is remanded to the trial court for further proceedings.

*Reversed and remanded.*