417 So.2d 1289 (1982)
Floyd W. EDWARDS
v.
SUPERIOR COACH SALES, INC., et al.
No. 14982.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Rehearing Denied August 24, 1982.
Whit M. Cook, II, Baton Rouge, for plaintiff-appellant Floyd W. Edwards.
Peter T. Dazzio, Baton Rouge, for defendants-appellees Superior Coach Sales, Inc. and Fidelity and Cas. Co. of New York.
Robert S. Rooth, New Orleans, for defendant-appellee E. I. du Pont Nemours and Co.
James B. Doyle, Baton Rouge, for intervenor-appellee The Fidelity and Cas. Co. of New York.
Before LEAR, CARTER and LANIER, JJ.
LANIER, Judge.
This is a suit for damages in tort by Floyd W. Edwards against Superior Coach Sales, Inc. (hereinafter referred to as Superior), its liability insurer, The Fidelity and Casualty Company of New York (hereinafter referred to as Fidelity), and E. I. du Pont de Nemours & Company (hereinafter referred to as du Pont). Superior and Fidelity filed exceptions of no right of action and no cause of action and, alternatively, a motion for summary judgment alleging that there was an employer-employee relationship between Superior and Edwards at the time of the accident, that Edwards' exclusive remedy against Superior and Fidelity was for workmen's compensation benefits and that Edwards accepted workmen's *1290 compensation benefits and medical payments for over a year in recognition and acknowledgment of the fact that he was in the course and scope of his employment at the time of the accident. The trial judge sustained the peremptory exceptions and granted the summary judgment and dismissed Superior and Fidelity from the suit. Edwards took this devolutive appeal.

I. FACTS
Superior is a business involved in the maintenance, lettering and sales of school buses and has its principal place of business in East Baton Rouge Parish, Louisiana. In December of 1978, appellant was a regular employee of Superior and did maintenance and part-time sales work. On Saturday, December 2, 1978, Superior was open for business, but appellant was not scheduled to do maintenance work that day. However, appellant had a customer who wanted to look at a new school bus, but could not come during the week, so they agreed to meet at the office of Superior on Saturday to view the bus and negotiate the sale. After the sales agreement was consummated, appellant asked permission of L. C. Eddie Edwards, the President of Superior, to use the welding equipment on Superior's premises for the purpose of welding a bracket on a display rack for clothing that was used by the appellant and his wife in a small business that they had just acquired. Appellant proceeded to the portion of the premises where the welding equipment was located, placed the rack in a vice and commenced welding operations. After several minutes, there was an explosion and subsequent fire. The appellant was burned and injured. Appellant alleges that the explosion resulted when the welding arc ignited vapors from a five gallon can containing acrylic enamel reducer owned by Superior and manufactured by du Pont.

II. EXCEPTION OF NO RIGHT OF ACTION
The exception of no right of action raises the question of whether the plaintiff has any interest in enforcing judicially the right asserted. La.C.C.P. art. 927(5); Lambert v. Donald G. Lambert Construction Company, 370 So.2d 1254 (La. 1979); Concerned Citizens of Rapides Parish v. Hardy, 397 So.2d 1063 (La.App. 3rd Cir. 1981); Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977). Evidence supporting or controverting an exception of no right of action is admissible. La.C.C.P. art. 931; Gustin v. Shows, 377 So.2d 1325 (La. App. 1st Cir. 1979).
Superior and Fidelity claim that the plaintiff was injured by an accident arising out of and in the course of his employment (La.R.S. 23:1031) and that accordingly he has no right of action in tort because his remedy for workmen's compensation benefits is exclusive (La.R.S. 23:1032). In Laughlin v. City of Crowley, 411 So.2d 708 (La.App. 3rd Cir. 1982), at page 711 of the Southern Reporter, appears the following:
"LSA-R.S. 23:1031 provides that compensation shall be allowed for accidental injury `arising out of and in the course of' the claimant's employment. Under the jurisprudence interpreting this statute, it has been held that the terms `arising out of' and `in the course of' are not synonymous but, nevertheless, must be considered together.5 To `arise out of' the employment, the accident must be the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. Time, place and circumstance must determine this.6 An accident occurs during the course of the employment when it occurs during the time of the employment and at a place contemplated by it.7"
"5. See Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La. 1973); Renfroe v. City of New Orleans, 394 So.2d 787 (La.App. 4 Cir. 1981), writ denied, 399 So.2d 621 (La.1981).
"6. See Lisonbee v. Chicago Mill & Lumber Co., supra; Kern v. Southport Mill, Ltd., 174 La. 432, 141 So. 19 (1932).

*1291 "7. See Lisonbee v. Chicago Mill & Lumber Co., supra; Renfroe v. City of New Orleans, supra; Whitney v. U. S. Fidelity & Guaranty Insurance Co., 373 So.2d 728 (La.App. 2 Cir. 1979), writ denied, 376 So.2d 320 (La.1979)."
See also Guidry v. Serigny, 378 So.2d 938 (La.1979); DeVillier v. Highlands Insurance Company, 389 So.2d 1133 (La.App. 3rd Cir. 1980).
(A) PLACE
It is uncontested that the accident occurred on the premises of the principal place of business of Superior in the Parish of East Baton Rouge, Louisiana.
(B) TIME
The evidence shows that the plaintiff's duties were approximately three-fourths maintenance and one-fourth sales. When he did maintenance work, he was paid on an hourly basis and when he consummated sales, he was paid a commission. On Saturday, December 2, 1978, the plaintiff was not scheduled to work on an hourly basis at maintenance work, but he was required by his job duties to go to the premises of his employer to negotiate and consummate the sale of the school bus. In Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (1966), the Louisiana Supreme Court observed that even if an employee has finished his day's work and is preparing to leave or is in the act of leaving, he is entitled to a reasonable period while still on the premises which is regarded as within the course of the employment and that the working day embraces these intervals just as it includes reasonable periods of rest, relaxation or the attendance of personal needs. In that case, the plaintiff finished her working day at 2:30 P.M., but remained on the premises chatting with her employer for twenty or thirty minutes. On leaving the premises, she lost her footing on a cement step adjoining the front door and fell and injured herself. The court determined that she was still in the course of her employment and was entitled to compensation benefit payments. In Fabre v. Travelers Insurance Company, 286 So.2d 459 (La.App. 1st Cir. 1973), writs refused, (La.1974), this court held that an employee who had completed his work day and was departing the premises of his employer and ran into a hole in the road with his car on the employer's premises or premises immediately adjacent thereto was within the scope and course of his employment and that his exclusive remedy was workmen's compensation.
The evidence shows that immediately after the plaintiff consummated the sale of the school bus, he obtained permission to use the welding equipment and had only been welding several minutes when the accident occurred.
(C) CIRCUMSTANCES
The evidence shows that Superior's president readily accommodated his employee, the plaintiff, and allowed him to use Superior's welding equipment on the premises for personal purposes. The evidence also shows that the plaintiff occasionally was required to do welding work as part of his duties with Superior. In Bates v. Gulf States Utilities Company, 249 La. 1087, 193 So.2d 255 (1966), the plaintiff had completed his work day at 4:30 P.M. and proceeded to the employee's parking lot on the employer's premises with the intention of driving his automobile home. He discovered that his right rear tire was flat and brought it to the employer's garage on the premises to fix it. During the course of the repair operation, the tire exploded and injured him. The Louisiana Supreme Court determined that the right to use the parking lot and the tire repair equipment was contemplated by the employer and were prerequisites of the employment relationship, that an employee is still in the scope of his employment for a reasonable period while still on the employment premises after his day's work is finished, and that the working day embraced these intervals just as it included reasonable periods for rest, relaxation, or the attendance of personal needs. The court ruled that Bates was within the scope and course of his employment and entitled to compensation benefit payments. *1292 In Colston v. Great American Insurance Company, 173 So.2d 848 (La.App. 3rd Cir. 1965), writs refused, (La.1965), a television repair man was allowed by his employer during regular working hours to repair his own television antenna at his home which was off of the employment premises. When he was injured there, the court determined that he was within the scope and course of his employment and entitled to compensation benefit payments.

III. CONCLUSION
The appellant initially came to his employer's premises to do his employer's work for which he received a commission. An employee remains in the scope and course of his employment for a reasonable time after his work terminates or while he is attending to a personal matter that is reasonably employment connected. In the instant case, the performance of the personal chore occurred during the reasonable period allowed an employee after his work terminates, but while he is still on or leaving the work premises. Allowing the employee to use the employer's equipment on the work premises for a personal need immediately after work terminated was reasonably related to the employment because it fostered a good employer-employee relationship.
Under all of these circumstances, the factual determination of the trial court that the plaintiff was injured in an accident arising out of and in the course of his employment is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accordingly, the ruling of the trial court sustaining the exception of no right of action is correct and will be affirmed at the appellant's costs.[1]
AFFIRMED.
NOTES
[1] In view of our ruling on the exception of no right of action, it is unnecessary for us to pass on the exception of no cause of action or the motion for summary judgment.