# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Edward W. O'Hara, Jr.

v.

Edward Newman

October 17, 1983

Case No. (Law) 15,369

By JUDGE GEORGE W. VAKOS

I have had the opportunity to review your memoranda regarding the defendant's Plea in Bar and to research the authorities cited. I agree with the defendant's contention that the plaintiff is barred from recovering against the defendant in this action as his exclusive remedy is covered under the Virginia Workmen's Compensation Act. Code § 65.1-1 et seq. This finding is based on the fact that the evidence heard on September 15, 1983, indicates that Mr. O'Hara's injuries arose out of and in the course of his employment.

In *Fouts v. Anderson*, 219 Va. 666, 669 (1979), the Supreme Court of Virginia stated that:

> (1-2) When an employee subject to the Act is injured by a fellow employee, an award under the Act is his exclusive remedy. Code Section 65.1-40. But, an injury is not compensable under the Act unless it is one "arising" out of and in the course of the employment. Code § 65.1-7. *The unique circumstances of each case control whether the injury is compensable.* (Italics mine).

(3) The expressions "arising out of" and "in the course of" are used conjunctively and are not synonymous. Both conditions must be satisfied before compensation may be awarded.

(4) The words "arising out of" refer to the origin or cause of the accident. We have adopted the test that an injury "arises out of employment," "when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." The causative risk must be peculiar to the work and incidental to the character of the business and not independent of the relation of master and servant.

(5) The words "in the course of" employment refer to the time, place and circumstances under which the accident occurred.

In this case the argument between the plaintiff and defendant occurred at their place of employment and was over the use by the plaintiff of a locker provided him by his employer for his street clothes when he changed into his work uniform, and the confiscation of this locker by the defendant to be used for other purposes.

The locker having been provided by his employer, the argument over its use having occurred at the parties' place of employment at a time when the plaintiff was working the breakfast shift and the defendant was called to the Club to explain the removal of the locker (whether he was on duty or not is not material) are sufficient circumstances to find that the plaintiff's injuries arose out of and in the course of his employment. The Plea in Bar should thus be sustained and this action dismissed.