517 So.2d 504 (1987)
Sonya J. CARTER
v.
WINN DIXIE LOUISIANA, INC.
No. CA 7668.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1987.
Writ Denied March 11, 1988.
Allain F. Hardin, Wiedemann & Fransen, New Orleans, for plaintiff/appellant.
Jeffrey J. Christovich, Christovich & Kearney, New Orleans, for defendant/appellee.
Before GARRISON and WILLIAMS, JJ. and CADE, J. Pro Tem.
HERBERT A. CADE, Judge Pro Tem.
Sonya Carter filed suit against her employer, Winn Dixie Louisiana, seeking recovery alternatively in tort and worker's compensation for injuries sustained when several minutes after her work shift ended she slipped in a pool of water. At trial she testified as follows:
... I got off about four o'clock and we took out our tills out of the drawer.... Brought them into the office, picked up our purses, and got our paychecks, and walked out of the door and punched the clock.... [We] went around to [the] produce aisle to see if they had any special buys, and we walked over by the display table ... and all of a sudden, I just slipped ...
She now appeals the trial court's determination that her remedy lies exclusively in worker's compensation and dismissal of her suit.
The scope of protection under our worker's compensation statute extends in certain circumstances beyond a worker's shift. An employee on the employer's premises is protected before `clocking in', see Serean v. Kaiser Aluminum & Chemical Corp., 277 So.2d 732 (La.App. 4th Cir.1973), and coverage does not terminate merely because the employee has `clocked out'. An employee who "has finished the day's work and is preparing to leave, or is in the act of leaving ... is entitled to a reasonable period while still on the premises which is regarded as within the course of employment." Malone & Johnson, 13 Louisiana Civil Law treatise (Workers' Compensation) *505 § 167 (1980 & Supp.1987) (footnote omitted). And just as protection is afforded an employee on the premises who during the shift turns momentarily to personal matters,[1] so is an employee protected who remains once the shift has ended for such purpose, see Edwards v. Superior Coach Sales, Inc., 417 So.2d 1289 (La.App. 1st Cir.), writ denied 422 So.2d 423 (La.1982) (employee injured using employer's welding equipment); or who has so remained and is injured while leaving. See Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (1967) (employee remained on premises twenty to thirty minutes to eat and engage in discussion with employer); Huett v. Insurance Co. of North America, 329 So.2d 222 (La.App. 4th Cir.), writ denied 332 So. 2d 863 (La.1976) (employee remained on premises ten to fifteen minutes during lunch break to purchase items for personal use); Simmons v. Liberty Mutual Ins. Co., 185 So.2d 822 (La.App. 3rd Cir.1966) (employee departed once shift ended, returned several hours later to cash paycheck and purchase items previously selected and set aside). That Ms. Carter was not using her employer's `equipment', as in Edwards, is too fine a distinction to bear the weight she puts upon it; that she was not leaving the store when injured, as in Lanzetta, Huett, and Simmons, is immaterial to the question of coverage. The liberal construction due the worker's compensation statute does not permit such `off-again, on-again' application of its provisions.
The judgment of the trial court is amended to reflect that dismissal of plaintiff's suit is without prejudice to her right to pursue remedies in worker's compensation; as amended the judgment is affirmed.
AFFIRMED AND AMENDED.
NOTES
[1] "Courts recognize that reasonable periods of rest and relaxation are essential to the efficient discharge of the employer's business and such periods assist in maintaining satisfactory relations between employer and employee. Hence, they are not simply intervals of time during which the employee withdraws from the relationship for his personal benefit. In a well reasoned opinion in St. Alexandre v. Texas Co., [28 So.2d 385, 388 (La.App.Orl.Cir.1946)] the court said: `Many acts of a personal nature are clearly incidents of the employment, even though occurring during leisure time. Thus, getting fresh air, smoking, resting, eating food or ice cream, quenching thirst, whether by water, beer or wine, transportation to and from work, taking a bath provided by the employer, using a telephone or a toilet, or using a stairway or elevator, floors and hallways, washing and pressing work clothes, obtaining war bonds, or getting eyeglasses, have been held compensable incidents * * * of one's employment.'" Malone & Johnson, § 163.