CHERYL BRILEY

V.

FARM FRESH, INC.

Record No. 891520

September 21, 1990

Present: All the Justices

*Steven M. Legum (Goldblatt, Lipkin, Cohen, Jenkins & Legum*, on brief), for appellant.
*Randy D. Singer (Palmer S. Rutherford, Jr.; Willcox & Savage*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this personal injury action brought by an employee against an employer, the sole question is whether the trial court correctly ruled that the plaintiff's exclusive remedy was under the Workers' Compensation Act (the Act), Code §§ 65.1-1 to -163.

During the early morning hours of June 14, 1986, plaintiff Cheryl Briley slipped and fell in a supermarket located in the City of Suffolk and operated by defendant Farm Fresh, Inc. Subsequently, the plaintiff brought this negligence action against defendant seeking recovery in damages for injuries allegedly suffered in the fall. The defendant filed a special plea asserting that the plaintiff's exclusive remedy was under the Act.

During a hearing on the plea, the plaintiff's testimony was the only evidence presented. Upon consideration of this evidence and argument of counsel, the trial court sustained the plea. We awarded the plaintiff this appeal from a September 1989 judgment order dismissing the action.

The facts are presented on appeal in a terse Rule 5:11(c) written statement, which leaves important factual questions unanswered. Nonetheless, this deficiency will be partly cured as we view all reasonable inferences fairly deducible from the stated facts in the light most favorable to the defendant, who prevailed below, and accord the judgment below a presumption of correctness, all in accord with settled appellate principles.

At the time of the accident, the plaintiff, who was employed permanently elsewhere, worked part time for defendant as a cake decorator in its bakery department. She had "no regular hours" of work at the supermarket "but would be called during the week to work when needed."

Defendant called her to work the "evening" before the accident. While performing her duties, plaintiff wore a special white jacket and worked behind the bakery department counter. Near 1:30 to 1:35 a.m. on the day of the accident, the plaintiff completed her work and stated to a co-worker that "she was finished with her job and was leaving." She removed her white jacket, which "was her usual manner of checking out when she finished her part time work each time." Rather than "walking out to her car and driving home," the plaintiff decided "to do some shopping for her mother, with whom she lived."

After shopping in the store for approximately 15 minutes, the plaintiff was carrying a head of lettuce in her hand. Near 1:55 a.m., plaintiff, while continuing her shopping activities, "attempted to walk through the area next to the salad bar and slipped and fell, suffering severe injuries."

According to the statement of facts, the plaintiff, at the time of the accident, was not performing any "job duty or function" for defendant and was not "on a break."

The statement of facts does not reveal whether the early morning accident occurred when defendant's supermarket was open for business or whether the plaintiff was among employees who worked in the store while it was closed in order to prepare merchandise for sale during normal business hours. In addition, the record does not indicate whether defendant's employees were entitled to receive a discount on the cost of items they purchased in the store. Also, the record is silent about the existence of any company policy established by defendant with reference to shopping in the store by employees. Finally, the record does not show the basis of plaintiff's compensation and whether her entitlement to wages ended when she removed her white jacket, when she left the premises, or at some other time.

In a letter opinion, the trial court found that the plaintiff-employee was injured "after her work of the day had ended but while still on the employer's premises, having made a relatively brief deviation from a direct departure for personal shopping." The court, in sustaining the plea, concluded that "such a minor devia-

tion" did not prevent the accident from occurring "in the course of employment."

The crucial question in cases of this kind is whether the injury was one, in the language of the Act, "arising out of and in the course of the employment." Code § 65.1-7. If that inquiry is answered in the affirmative, the employee's exclusive remedy was under the Act. Code § 65.1-40.

On appeal, the plaintiff concedes that "if the accident occurred in the store while [she] was coming or going to her work area, that it would be covered as a workers' compensation case. The same would hold true even if the accident happened in the parking lot or a walkway outside the building while going to or coming from her work area." The plaintiff contends, however, "that the employment relationship had terminated and that at the time of the accident she was a business invitee and a shopper in the store." She argues that because she had terminated her employment, the accident did not take place "in the course of the employment." Hence, she says, she is entitled to maintain this common law action for damages against her employer. We disagree. The canopy of the workers' compensation umbrella is not so limited.

We repeatedly have said that the statutory language, "arising out of and in the course of employment," must be liberally construed to accomplish the humane and beneficent purposes of the Act. The language "arising out of" refers to the origin or cause of the injury while the language "in the course of" refers to the time, place, and circumstances under which the accident occurred. *Baggett Transportation Co. v. Dillon*, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978). An accident occurs during the course of the employment if it takes place within the period of employment, at a place where the employee may reasonably be expected to be, and while the employee is reasonably fulfilling the duties of the employment or is doing something reasonably incidental to it. *Id.*

We do not recognize a concept of "instantaneous exit" from a place of employment immediately upon termination of work. *Barnes v. Stokes*, 233 Va. 249, 252, 355 S.E.2d 330, 331 (1987). An employee has a reasonable time after concluding work to absent herself from the employer's premises. *Brown v. Reed*, 209 Va. 562, 565, 165 S.E.2d 394, 397 (1969).

■ Significantly, in view of the foregoing settled principles, the trial court based its ruling upon two important factual findings. First, the accident occurred on the employer's premises. Second, the accident occurred as the plaintiff "made a relatively brief deviation from a direct departure" from work. Manifestly, these conclusions of fact and law bring the plaintiff under the Act's umbrella.

There is no contention that the plaintiff violated any work rule by engaging in personal shopping as she was leaving the employer's place of business. Indeed, it is to be anticipated that employees of a supermarket would purchase merchandise while on the premises and after completing assigned work duties. This plaintiff would not likely have been at the supermarket at 2:00 a.m. but for her employment there. Moreover, the risks that led to her injury were all part of the work environment. In sum, the plaintiff was injured at a place where she was reasonably expected to be while engaged in an activity reasonably incidental to her employment by defendant. *See Jones* v. *Colonial Williamsburg Foundation*, 10 Va. App. 521, 392 S.E.2d 848 (1990).

■ Even though arguing that her status had changed from employee to business invitee, the plaintiff concedes that her tort action would be barred if she had sustained the injury as she "was coming or going to her work area." This amounts to a contention that she is covered by the Act if she falls at the "salad bar" while en route to her car to drive home but that she is not covered by the Act when she falls at the exact same location after making "a relatively brief deviation" from a direct route to her car. Liberal construction of the Act does not permit such a hairsplitting analysis where, as here, the injury occurs on the employer's premises after a brief deviation and before the employee departs following completion of work.

Therefore, we hold that the plaintiff's injury arose out of and was in the course of her employment by defendant, and that her exclusive remedy was under the Act. *See Carter* v. *Winn Dixie Louisiana, Inc.*, 517 So.2d 504 (La. Ct. App. 1987), writ denied 520 So.2d 755 (La. 1988) (workers' compensation exclusive remedy where grocery store employee slipped in pool of water while shopping several minutes after work shift ended); *Carter* v. *Lanzetta*, 249 La. 1098, 193 So.2d 259 (1966) (workers' compensation exclusive remedy when employee of grocery store fell while leaving premises after lingering at store 20-30 minutes talking to

employer). *But see Fowler* v. *Texas Employers' Ins. Ass'n*, 237 S.W.2d 373 (Tex. Civ. App. 1951) (employee of department store not entitled to workers' compensation when injured on employer's premises having remained for 15-20 minutes to shop for clothing).

Finding no error in the ruling below, we will affirm the judgment of the trial court.

*Affirmed.*

JUSTICE STEPHENSON, with whom JUSTICE WHITING joins, dissenting.

It is undisputed that the plaintiff, after completing her work, "decided to do some shopping for her mother . . . [and] had been shopping in the store for approximately fifteen minutes" when she was injured. I do not agree that the plaintiff's shopping activities constituted "a relatively brief deviation from a direct departure." Instead, I conclude that she had assumed the status of a business invitee.

I am of opinion, therefore, that the plaintiff's injury did not arise out of and in the course of her employment. Consequently, I would hold that the trial court erred in ruling that the plaintiff's exclusive remedy was under the Workers' Compensation Act.