## CIRCUIT COURT OF FAIRFAX COUNTY

Terrell

v.

Rexrode et al.

July 17, 1991

Case No. (Law) 101146

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on Fairfield Bridge's demurrer and jurisdictional plea in bar to plaintiff's motion for judgment. The Court heard oral argument and considered written memorandum.

Plaintiff's motion for judgment claims that the plaintiff was an employee of Fairfield who was required as part of his employment to temporarily reside in a townhouse in Fairfax County along with other employees of Fairfield Bridge. Plaintiff claims that on the premises provided by the employer, he was assaulted, battered and forced to attempt to engage in oral sodomy with another male by three employees hired by Fairfield. Plaintiff claims that Fairfield knew or should have known of these three employees' propensity for assault, battery and violence. The plaintiff's motion for judgment claims that the defendants were acting outside the scope of their employment when the injury occurred.

## Response to Demurrer

The plaintiff claims that his employer is liable to him based on a theory of negligent hiring. Fairfield's demurrer claims that the plaintiff has no cause of action because the plaintiff has not pleaded any *duty* on the defendant's part to protect the plaintiff from the injury he allegedly sustained. Fairfield argues that he owes no duty to the plaintiff because the plaintiff pleaded that his injury did not arise out of and in the course of the employees employment. For the following reasons the demurrer is overruled.

Negligent hiring was originally intended to protect employees from the careless acts of unfit employees while on the job. The tort of negligent hiring allowed the employee to hold the employer liable for hiring other employees which the employer knew or had reason to know were unfit for the job. In this context, unfit employees are those who create an unreasonable risk of harm to others in the employment setting.

This is the precise test enunciated by the Virginia Supreme Court in *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 211, 372 S.E.2d 391, 394 (1988). However, in the *Tabernacle* case, the Court also distinguished negligent hiring from the doctrine of *respondent superior*, holding that liability may be imposed [in negligent hiring cases] even if the servant is not acting within the scope of his employment. *Id*. This theory was adopted in *Simmons v. Baltimore Orioles, Inc.*, 712 F. Supp. 79 (W.D. Va. 1989) (Judgment rendered in favor of the defendant on the question of whether the employees were "unfit," but incident occurred outside the employment setting.) Applying this rationale to the case at bar, Plaintiff's motion for judgment states a claim of negligent hiring.

The misconduct complained of need not have occurred within the scope of the wrongdoers employment to hold the employer liable under the theory of negligent hiring if the misconduct was foreseeable under the circumstances under which the work was performed.

*Response to Plea in Bar*

Additionally, the defendant has raised a plea in bar to the plaintiff's cause of action claiming that the Workers' Compensation Act provides plaintiff's sole remedy. It is the opinion of this Court that, if there is a duty owed to the plaintiff by the defendant to avoid exposing the plaintiff to an unreasonable risk of harm, it would be because of the employment connection.

The case of *Fouts v. Anderson*, 219 Va. 666 (1979), defines the test to be applied in determining whether an injury "arises out of" and "in the course of" employment. This test is controlling. In *Fouts*, the Court held:

> [t]he words "arising out of" refer to the origin or cause of the accident. We have adopted the test that an injury "arises out of employment" when there is *apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is to be performed and the resulting injury.*

*Id.*, 219 Va. at 669 (citations omitted) (emphasis added).

The Court in *Fouts* further stated, "[t]he words "in the course of" employment refer to the time, place and circumstances under which the accident occurred." *Id.*, 219 Va. at 669.

In determining whether the two-prong test laid out in *Fouts* has been satisfied in the case at bar the Court must also consider the "barracks rule" which is recognized in Virginia. The "barracks rule," briefly provides:

> [a]n injury to an employee *living, boarding* or *lodging* on the employer's premises, or at the place where the work is being done, pursuant to an express or implied requirement of the contract of hiring, if reasonably attributable or incidental to the nature of the employment or the conditions under which he lives in the performance of his duties, is regarded as having arisen out of and in the course of such employment.

*See* 82 Am. Jur. 2d *Workmen's Compensation* § 248.

Upon application of these rules to the case at bar it is the court's opinion that the alleged injuries plaintiff sustained did "arise out of" and "in the course of" his employment.

The plaintiff has alleged in his pleadings that the injuries he sustained occurred in the townhouse provided for by the employer as a required condition of his employment. As a general rule a plaintiff is bound by his pleadings. Additionally, a direct, specific admission of a fact in a pleading is binding and conclusive on the party making it. *See Clark v. Clark, et al.,* 74 S.E. 234, 236 (1912). The Plaintiff's pleadings read as a whole do not factually support a finding other than that the injuries did "arise out of" and "in the course of" his employment. For this reason the plaintiff's claim falls within the scope of the Workers' Compensation Act and jurisdiction lies with the Virginia Industrial Commission.