## CIRCUIT COURT OF THE CITY OF SALEM

Donald Wallace, Jr.,
by his mother and next friend,
Edith Wallace

v.

Tracy Lee Niday

March 29, 1999

Case No. CL96-45

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff filed this personal injury action against a co-worker, claiming that he was injured in his employer's parking lot when he fell off of the hood of his co-worker's moving automobile, after their work shifts had ended. Defendant co-worker asserts that the personal injury action is barred by the Workers' Compensation Act, which provides Plaintiff's sole remedy. Defendant's evidence and motion is limited to that assertion. Plaintiff, who has no memory of the events leading up to his injury, states unequivocally that he will have evidence to present at trial specifically rebutting the Defendant's testimony as to how the incident occurred. However, taking advantage of the limited evidence presented in support of the Defendant's motion, the Plaintiff argues that it shows only that the Plaintiff leaped onto Defendant's moving vehicle and was thrown to the ground. He reasons that such action was clearly not in furtherance of the employer's business, nor arising from either of the parties' employment and therefore is outside of the ambit of the Workers' Compensation Act. The Court agrees with the Plaintiff.

In order for an injury to fall within the umbrella of the Workers' Compensation Act, "the claimant must show that the injury was the result of an 'accident,' that it 'arose out of' the employment, and that it occurred 'in the course of' the employment." *Baggett Transportation Co. v. Dillon*, 219 Va.

633 (1978). The test for determining if an action arises out of one's employment is "when there is apparent to the rational mind upon consideration of all circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Brown v. Reed*, 209 Va. 562 (1969). A determination that an injury occurred in the course of employment takes into account whether or not "it takes place within the period of employment, at a place where the employee may reasonably be expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." *Baggett*, at 637. See also *Fouts v. Anderson*, 219 Va. 666 (1979).

The limited evidence in this case indicates that neither party was in the process of exiting their employer's parking lot after their work day had ended. Instead, it shows that Defendant was driving his car behind the employer's building for the purpose of socializing with a friend, rather than leaving. Accepting at face value the Defendant's testimony that Plaintiff was "car surfing" and had jumped upon his moving vehicle, Plaintiff also had abandoned any intention of leaving his place of employment and instead had remained to play in the parking lot. There is no causal connection in this case between the job and the injury. Neither of these parties was doing anything that arose out of and was in the course of their employment.

Defendant's Plea of the Workers' Compensation Bar is denied.