COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons* and Frank
Argued at Norfolk, Virginia


NORFOLK COMMUNITY HOSPITAL AND
 AIU INSURANCE COMPANY
                                          OPINION BY
v.   Record No. 0578-99-1          JUDGE ROBERT P. FRANK
                                          JULY 25, 2000
FRANCES B. SMITH


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         R. John Barrett (Kelly O. Stokes; Vandeventer
         Black L.L.P., on briefs), for appellants.

         John H. Klein (Montagna, Klein & Camden,
         L.L.P., on brief), for appellee.


    Norfolk Community Hospital (appellant) appeals the decision

of the Workers' Compensation Commission (commission) awarding

temporary total disability benefits and medical benefits to

Frances B. Smith (appellee).  On appeal, appellant contends the

commission erred in:  1) finding appellee's injury arose out of

and in the course of her employment and 2) determining that

appellee's medical records proved ongoing temporary total

disability.  We find that appellee's injury did not occur in the

course of her employment and, thus, we do not reach the issue of

_____

    * Justice Lemons participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

ongoing temporary total disability.  We, therefore, reverse the award of the commission.

## I.  BACKGROUND

Appellee was employed by appellant as a central registration clerk.  On December 22, 1997, appellee parked her car on appellant's premises when she arrived at work.  After working her normal shift, she clocked out and walked to her car.  She moved her car to an area in front of the emergency room to pick up a colleague, Dr. Wright, who had asked for a ride.  Appellee walked into the emergency room to look for Dr. Wright.  Dr. Wright was not in the emergency room area, so appellee left a message for him that she was waiting for him outside in her car.  As she returned to her car, appellee slipped and fell onto her right knee.

## II.  ANALYSIS

Initially, appellant contends the issue whether appellee's injury arose out of her employment was not addressed by either the deputy commissioner or the full commission and should be remanded for determination.  We find that the deputy commissioner did address the issue.  In a footnote, the deputy commissioner stated, "[W]e do <u>find</u> that the claimant presented sufficient evidence from which to conclude that the claimant slipped and fell due to the wet conditions present in the area due to rain and that <u>the injury therefore arose out of the employment</u>."  (Emphasis added).

-

The deputy commissioner denied appellee's claim for benefits because he found she did not prove that the accident occurred in the course of her employment. Appellant concedes it did not cross-appeal the "arising out of" issue when appellee sought review by the full commission. The full commission, in its opinion, noted that it did not address whether the injury arose out of appellee's employment because the deputy commissioner's finding on the issue was not appealed.

Rule 3.1 of the Rules of the Commission states, in part, "A request for review of a decision or award of the Commission shall be filed by a party in writing with the Clerk of the Commission within 20 days of the date of such decision or award." Further, Code § 65.2-705(C) provides that a party may file an independent application for review fourteen days after an application for review is filed by an opposing party. See Code § 65.2-705(C). "Decisions of a deputy commissioner that are not reviewed by the full commission cannot be brought before this Court." Duncan v. ABF Freight System, Inc., 20 Va. App. 418, 422, 457 S.E.2d 424, 426 (1995) (citation omitted).

In this case, appellant did not request review of the deputy commissioner's determination that the injury arose out of appellee's employment within twenty days of the deputy commissioner's decision. Further, upon receipt of appellee's request for review by the full commission, appellant did not file an independent request for review within fourteen days.

-

Thus, the commission did not consider the issue, and the issue is not properly before us. The deputy commissioner's decision that appellee proved the injury arose out of her employment will not be disturbed. We, therefore, review only the commission's determination that appellee proved the injury occurred in the course of the employment.

"A finding by the commission that an injury arose out of and in the course of employment is a mixed question of law and fact and is properly reviewable on appeal." Wetzel's Painting and Wallpapering v. Price, 19 Va. App. 158, 160, 449 S.E.2d 500, 501 (1994) (citing Dublin Garment Co. v. Jones, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986)).

> In order to receive benefits under the Workers' Compensation Act, a claimant must prove by a preponderance of the evidence that he or she suffered an injury by accident that arose out of and in the course of the employment. See County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989) (holding that "arising out of" and "in the course of" are separate and distinct elements).

Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 92, 493 S.E.2d 384, 387 (1997) (en banc). "The claimant can establish that the injury occurred 'during the course of' the employment by showing that the injury occurred 'within the period of employment, at a place where the employee was reasonably expected to be, and while doing something which was reasonably incident to his employment.'" McFeely Hardwoods & Lumber v. Miller, 4 Va. App.

-

334, 337-38, 358 S.E.2d 178, 179 (1987) (quoting Hercules, Inc. v. Stump, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986)).

In Brown v. Reed, 209 Va. 562, 165 S.E.2d 394 (1969), the Supreme Court of Virginia held that the plaintiff's common law action against the defendant was barred by the provisions of the Workers' Compensation Act because the accident arose out of and in the course of the parties' employment. The plaintiff was injured when he was struck by the defendant's vehicle as he was walking across the employer's parking lot to punch the time clock, beginning his workday. See Brown, 209 Va. at 563, 165 S.E.2d at 395-96. The defendant had completed his shift, showered, and changed his clothes in the company locker room before he struck the plaintiff as he was backing his vehicle out of the employer's parking lot. See id. The Court held that the common law action was barred because both parties were engaging in behavior anticipated by their employer. See id. at 568, 165 S.E.2d at 399. The Court reasoned that "[t]here is no such thing as 'instantaneous exit.'" Id. at 565, 165 S.E.2d at 397. Employees have a reasonable time to exit the employer's premises, which includes making use of fringe benefits such as showers, locker rooms, and parking lots. See id. at 566, 165 S.E.2d at 397-98. Furthermore, the Court held that the employer benefits by providing and encouraging use of such fringe benefits because they promote good public relations and, in the case of parking lots, reduce absenteeism, promote timely arrival

-

at work, and make employment at the company more attractive. See id. The Court, therefore, held the accident arose under the Workers' Compensation Act because both employees were using the employer's facilities at a time and in a manner encouraged and anticipated by the employer; thus, the plaintiff's injury arose out of and in the course of his employment. See id. at 568, 165 S.E.2d at 399.

In Fouts v. Anderson, 219 Va. 666, 250 S.E.2d 746 (1979), the Supreme Court of Virginia held that the Workers' Compensation Act did not bar a common law action based on an accident that occurred in the employer's parking lot after the plaintiff initially exited the employer's premises. The plaintiff exited the employer's parking lot after completing his workday, but, while exiting the lot, he remembered he needed to get a used carburetor from a fellow employee. See Fouts, 219 Va. at 668, 250 S.E.2d at 747. He drove down the highway, turned around, and drove back to the employer's parking lot. See id. The defendant's car struck the plaintiff's vehicle while the plaintiff was stopped in the employer's parking lot. See id. The plaintiff argued that his tort action was not barred by the Workers' Compensation Act because he returned to the employer's parking lot on a purely personal mission. See id. The defendant, however, relied on Brown to support his argument that plaintiff's injuries were compensable under the Workers' Compensation Act. See id. at 670, 250 S.E.2d at 748.

-

The Court rejected the defendant's argument, distinguishing Brown on the facts. See id. The Court reasoned that there was no causal connection between the plaintiff's injuries and his employment because the plaintiff had successfully exited the parking lot at the completion of his workday. See id. He re-entered the lot on a personal mission, and, thus, incurred the risk of injury. See id. Consequently, he was not using the employer's parking lot for a purpose anticipated by the employer. Therefore, the accident did not arise out of or in the course of the plaintiff's employment.

In Briley v. Farm Fresh, Inc., 240 Va. 194, 196-99, 396 S.E.2d 835, 836-37 (1990), the Supreme Court of Virginia held that the plaintiff's exclusive remedy was under the Workers' Compensation Act because she was injured on the employer's premises during a "'brief deviation from a direct departure for personal shopping.'" The plaintiff was a cake decorator in the employer's bakery department. See id. at 196, 396 S.E.2d at 836. On the day of the accident, the plaintiff completed her work in the bakery and told a co-worker that she was leaving. See id. She removed her uniform jacket, but instead of exiting the building and going to her car, she decided to do some personal shopping. See id. While shopping, she fell next to the store's salad bar and was injured. See id. Plaintiff argued she should be permitted to maintain her tort action against the employer because she was not performing work-related

-

duties at the time of the accident and was, instead, a business invitee. See id. at 197, 396 S.E.2d at 836. The Court rejected the plaintiff's argument and held that the plaintiff's injuries were covered under the Workers' Compensation Act because the accident occurred on the employer's premises and "it is to be anticipated that employees of a supermarket would purchase merchandise . . . after completing assigned work duties." Id. at 198, 396 S.E.2d at 837. The Court reasoned that the plaintiff's injuries arose out of and in the course of her employment because "the plaintiff was injured at a place where she was reasonably expected to be while engaged in an activity reasonably incidental to her employment by [the employer]." Id. (citation omitted).

Briley merely restates the rule in Brown. In Brown, the Court held that the plaintiff's injuries were compensable under the Workers' Compensation Act because they occurred on the employer's premises and were the result of actions by the employees that were anticipated and were beneficial to the employer. Therefore, the employer incurred the risk for the plaintiff's injuries. In Briley, the Court reasoned that the plaintiff's injuries arose out of and in the course of her employment because the employer's premises was the situs of the accident and the plaintiff was engaging in anticipated behavior which was beneficial to the employer and reasonably incidental

-

to the employment.  The employer, therefore, bore the risk of the plaintiff's injury.

In this case, appellee successfully exited the hospital at the conclusion of her workday and successfully traversed appellant's parking lot to her vehicle.  Instead of exiting the premises, she returned to the emergency room entrance to give a ride to a colleague, a personal errand and a personal favor. While the commission held that the appellee was performing an act expected by appellant, we find no evidence in the record to support the commission's conclusion.[1]  There was no evidence that appellant encouraged ride-sharing or carpooling or anticipated personal favors by its employees.  Furthermore, no evidence in the record proved that appellant benefited from such activities. On the facts of this case, we find that appellant did not bear the risk of appellee's injuries because the task that she was performing was not during the course of her employment.  We, therefore, reverse the commission's award of benefits to appellee.

<u>Reversed and final judgment.</u>

---

[1] Findings of fact made by the commission are binding on appeal if they are supported by credible evidence.  <u>See</u> Code § 65.2-706; <u>Armstrong Furniture v. Elder</u>, 4 Va. App. 238, 247, 356 S.E.2d 614, 619 (1987).  Finding no evidence in the record to support the commission's conclusion, we are not bound by it on appeal.