**Wilma M. HENDRICKS, Plaintiff,**

**v.**

**WAL–MART STORES, INC., Defendant.**

**No. CIV.A. 6:00CV0069.**

United States District Court, W.D. Virginia, Lynchburg Division.

April 2, 2001.

James Ben Feinman, James B. Feinman & Associates, Lynchburg, VA, for Wilma M. Hendricks.

William Beverley Tiller, Morris And Morris, P.C., Richmond, VA, for Walmart Stores East, Inc. dba Walmart.

*MEMORANDUM OPINION*

MOON, District Judge.

This matter is before the Court on Defendant Wal–Mart Stores, Inc.'s ("Wal–Mart") motion to dismiss, filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure, claiming that this Court lacks subject matter jurisdiction over Plaintiff Wilma Hendricks's action because her sole remedy is pursuant to the Virginia Worker's Compensation Act ("Act"). For the reasons discussed in detail below, Defendant's motion to dismiss is hereby granted.

## I. FACTUAL BACKGROUND

The basic factual background of this cause of action can be briefly summarized as follows. Plaintiff Wilma Hendricks was an employee at Wal–Mart's Lynchburg, Virginia store ("the store") location. On July 9, 1999, Plaintiff was on vacation. She traveled to the store on that day for the sole purpose of picking up her paycheck. The store had a policy of distributing paychecks every payday from 9 a.m. to 11 a.m. from an office in the rear of the store. It encouraged "off the clock" employees to come to the store to pick-up their checks during this appointed time.

While proceeding from the store's entrance to the rear of the store to pick-up her paycheck, Plaintiff slipped and fell on a liquid substance. She suffered an injury to her right knee in the fall. This suit followed.

## II. MOTION TO DISMISS STANDARD

■ The plaintiff has the burden of proving that subject matter jurisdiction exists. See Evans v. B.F. Perkins Co., 166 F.3d 642, 646 (4th Cir.1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss

"only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

## III. ANALYSIS

■ An injury is subject to the exclusivity provision of the Virginia Worker's Compensation Act if it is the result of an accident that arises out of and in the course of employment. See Combs v. Virginia Elec. & Power Co., 259 Va. 503, 508, 525 S.E.2d 278, 281 (2000) (citation omitted). Thus, the critical inquiry in the present case is whether Plaintiff's injury was one, in the language of the Act, "arising out of and in the course of the employment." Code § 65.1–7. If this inquiry is answered in the affirmative, her exclusive remedy is under the Act. See Code § 65.1–40.

■ The words "arising out of" refer to the origin or cause of the injury, while the words "in the course of" refer to the time, place, and circumstances under which the accident occurred. See Baggett Transportation Co. v. Dillon, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978). The Supreme Court of Virginia has repeatedly said that the statutory language, "arising out of and in the course of employment," must be "liberally construed to accomplish the humane and beneficent purposes of the Act." Briley v. Farm Fresh, 240 Va. 194, 197, 396 S.E.2d 835, 836 (1990); Conner v. Bragg, 203 Va. 204, 207–08, 123 S.E.2d 393, 396 (1962). Further, the Supreme Court has warned that the language of the statute, "arising out of and in the course of the employment" is to be read conjunctively, and not synonymously. See Lucas v. Lucas, 212 Va. 561, 562, 186 S.E.2d 63, 64 (1972).

■■ An injury "arises out of" the employment when there is "apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work

is required and the resulting injury." *Conner*, 203 Va. at 208, 123 S.E.2d at 396. Virginia courts apply an "actual risk test," meaning that the employment must expose the employee to the particular danger causing the injury, notwithstanding the public's exposure generally to similar risks. *See Lucas*, 212 Va. at 563, 186 S.E.2d at 64; *Combs*, 259 Va. at 510, 525 S.E.2d at 282.

■ An accident occurs "in the course of" the employment if it takes place within the period of employment, at a place where the employee may reasonably be expected to be, and while the employee is reasonably fulfilling the duties of the employment or is doing something reasonably incidental to it. *Conner*, 203 Va. at 208, 123 S.E.2d at 396. (citations omitted).

■ In the present case, Plaintiff's injury arose out of her employment with Wal–Mart only if there was a causal connection between her injury and the conditions of her employment. The evidence is uncontroverted that Plaintiff's sole reason for going to the store on July 9, 1999 was to pick-up her paycheck. But for her employment with Wal–Mart, she would not have been in the store on that day. Further, Wal–Mart's paycheck distribution policy served to expose Plaintiff to the danger which caused her injury. Because the Court is of the belief that the requisite causal connection exists and the actual risk test has been satisfied, it hereby concludes that Plaintiff's injury arose out of her employment.

■ Second, the Court must determine if Plaintiff's injury occurred during the course of her employment with Wal–Mart. Despite Plaintiff's contention to the contrary, an employee need not be technically "on the clock" to be considered within the course of employment *See, e.g., Honaker v. Hartley*, 140 Va. 1, 13–14, 124 S.E. 220, 223 (1924); *Briley*, 240 Va. at 197, 396 S.E.2d 835; *Mullins v. Westmoreland Coal Co.*, 10 Va.App. 304, 391 S.E.2d 609 (1990); *Kim v. Sportswear*, 10 Va.App. 460, 393 S.E.2d 418 (1990). Thus, the mere fact that Plaintiff was on vacation at the time of the accident does not in itself preclude a finding that the Act applies for the course of employment can be enlarged to embrace activities outside of normal working hours. *See id.* Further, by implementing its paycheck distribution policy, Wal–Mart not only expected, but actually encouraged its employees to come to the store on the day and time in question. And finally, the Court is of the belief that picking up a paycheck at an employer's place of business during a time period prescribed by the employer is an activity reasonably incidental to employment. Therefore, based upon a liberal construction of the Act, and in light of Wal–Mart's paycheck distribution policy, the Court is of the opinion that Plaintiff was injured at place where she was reasonably expected to be while engaged in an activity reasonably incidental to her employment with Wal–Mart.

Plaintiff cites to three decisions of the Virginia Worker's Compensation Commission in support of her argument that her injury did not arise out of or in the course of her employment with Wal–Mart. *See Nicely v. Liberty House Nursing Home*, Case No. 136–80–109 (1989); *McKinney v. Hardees*, Case No. 134–06–35 (1988); *Wilson v. American Motor Inns*, Claim No. 640–620 (1980). In all three cases, the employees were injured while attempting to pick-up their paychecks early. The Commission focused its inquiry into the benefit derived by the employer by such unscheduled paycheck distributions. In finding little or no benefit to the employer in all three cases, the Commission concluded that the employees' injuries did not arise out of and in the course of their employment. All three cases are distinguishable for they are factually distinct from the present case. The current mat-

ter involves a structured paycheck distribution policy that benefitted Wal–Mart by providing a quick and efficient method to distribute paychecks, reducing fraud, and cutting down on traffic and congestion within the store. Since Plaintiff was injured while at the store at an appointed time to pick-up her check pursuant to a check distribution policy which benefitted her employer, the Court is of the belief that *Nicely, McKinney,* and *Wilson* are inapplicable under the facts of this case.

Because this Court is of the opinion that Plaintiff's injury arose out of and in the course of the employment, her exclusive remedy is under the Act. The Court therefore lacks subject matter jurisdiction to hear this matter, and Defendant's motion to dismiss pursuant to Rule 12(b)(1) is necessarily granted.

This case shall be stricken from the docket. The Clerk is requested to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.