COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia

CHRISTOPHER ALEXANDER SNYDER

                                                                    OPINION BY
v.        Record No. 0187-13-2                            JUDGE GLEN A. HUFF
                                                                    OCTOBER 15, 2013

CITY OF RICHMOND POLICE DEPARTMENT

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Malcom Parks (Maloney, Parks & Clarke, P.C., on brief), for
          appellant.

          (Laura K. Drewry, Senior Assistant City Attorney; Office of the
          Richmond City Attorney, on brief), for appellee.  Appellee submitting
          on brief.


          Christopher Alexander Snyder ("appellant") appeals a decision of the Virginia Workers'

Compensation Commission ("commission") holding that appellant's injury did not arise out of

his employment with the City of Richmond Police Department ("employer") and thus was not a

compensable injury.  On appeal, appellant contends that the "Commission erred in finding

that . . . [his] accidental fall and his right leg injury did not arise out of a risk of his

employment."  For the following reasons, this Court affirms the commission's holding.

                                      I.  BACKGROUND

          "On appeal from a decision of the Workers' Compensation Commission, the evidence

and all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below."  Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83,

608 S.E.2d 512, 517 (2005) (en banc) (citing Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72,

577 S.E.2d 538, 539 (2003); Tomes v. James City (County of) Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002)).  So viewed, the evidence is as follows.

Appellant was a police officer with the Special Operations Division (City Traffic Unit) for the City of Richmond at the fourth precinct office on Chamberlayne Avenue.  On July 4, 2011, appellant was scheduled to work during a holiday fireworks event.  Although the event did not begin until 7:00 p.m., appellant was required to report to the precinct at 12:30 p.m.  His standard procedure before beginning a shift was to enter the precinct in his personal vehicle, park in the employee lot, and go inside the building to check in with his sergeant.  After being cleared to begin duty, appellant would then go outside to his patrol vehicle, check the vehicle, turn on the vehicle's laptop, and leave for his assignment.

On the day in question, appellant arrived at approximately 12:10 p.m. and parked his personal vehicle toward the back of the employee lot, which was accessible by using a card issued by the police department.  Neither the general public nor officers from other precincts were allowed or able to park there.  Appellant also indicated that he was expected to park in the lot for security purposes, as the fourth precinct was located in a high-crime area.  The customary entrance to the building was a door located to one side with a stairwell nearby and a short brick retaining wall just beyond the stairs.  Appellant regularly jumped on and over the retaining wall to enter the building, stating that doing so helped him exercise his legs.  Although appellant was required to maintain good physical fitness as a condition of his employment, employer did not require him to go over the retaining wall in order to enter the building.

As he walked through the parking lot toward the building, appellant carried his duty belt over his shoulder instead of wearing it around his waist.  The belt held two sets of handcuffs, a radio, a steel retractable baton, a flashlight, a pistol, and two extra magazines, and weighed about ten pounds.  While walking through the lot, appellant saw a colleague, Officer Kitt, and they

began speaking. Appellant complained that he was unhappy he had to report to work at 12:30 p.m. when the fireworks event did not begin until later that evening, especially given that he was not normally scheduled to work on that day. Appellant further complained that he would rather be spending time at home with his family, as his wife recently had surgery and was still fairly immobilized.

As they were talking, appellant continued walking and his right foot clipped a cement parking block that was secured to the ground approximately eighteen inches from the brick retaining wall. The following photograph of the parking block and retaining wall were admitted into evidence.



Appellant fell forward, striking the edge of the brick retaining wall with his right knee and rolling over the wall onto a sidewalk. As a result of the fall, he suffered a contusion to his right knee and a ligament tear which ultimately required corrective surgery. Appellant sought temporary total disability benefits for the period of July 5, 2011 to October 2, 2011, and continuing temporary partial disability benefits. Prior to a hearing on appellant's workers'

compensation claim, the parties stipulated that appellant's injury occurred from the fall in question and that appellant's alleged period of disability was accurate.

At a hearing before the deputy commissioner on October 13, 2011, appellant testified that he fell because "my attention was diverted to . . . Kitt." He admitted that there was nothing unique or irregular about the parking block, but indicated that the short distance between the parking block and the retaining wall was strange because the block would not actually prevent a vehicle from hitting the retaining wall. He also stated that other parking blocks in the same lot were placed farther away from the retaining wall and that if the wall were not so close, he would have been able to prevent himself from falling. Appellant further testified that the fact that he was carrying his duty belt over his shoulder affected the way he fell because he was trying to protect the loaded pistol from accidentally discharging.

The deputy commissioner denied appellant's claim for benefits on the ground that appellant's injury did not arise out of a risk of employment. The full commission affirmed in a divided opinion, finding that the injury was not sufficiently causally related to the conditions under which employer required appellant's work to be done. Specifically, the commission rejected appellant's arguments that the configuration of the parking block was unique, that the conversation with Kitt was work-related, and that the duty belt affected the severity of his fall. This appeal followed.

## II. STANDARD OF REVIEW

"Whether an injury arises out of and in the course of employment involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001) (citing Norfolk Community Hosp. v. Smith, 33 Va. App. 1, 4, 531 S.E.2d 576, 578 (2000)). "Accordingly, although we are bound by the commission's underlying factual findings if those findings are supported by credible

- 4 -

evidence, . . . we review *de novo* the commission's ultimate determination as to whether the injury arose out of the claimant's employment." Stillwell v. Lewis Tree Serv., 47 Va. App. 471, 477, 624 S.E.2d 681, 683 (2006).

### III. ANALYSIS

On appeal, appellant contends that the commission erred in finding that his injury did not arise out of a risk of his employment. Specifically, appellant asserts that he was speaking with Kitt about work-related matters when the injury occurred and that the cement parking block was irregularly situated on the ground. Responding, employer argues that appellant was merely "complaining about having to come to work" and that the parking block contained no defects that would make its physical arrangement "unique" from other parking blocks.

"For an injury to be compensable under the Workers' Compensation Act [("Act")], the claimant must prove by a preponderance of the evidence three elements: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment." Southland Corp. v. Parson, 1 Va. App. 281, 283-84, 338 S.E.2d 162, 163 (1985). In the present case, the parties agree that an accident occurred and that the resulting injury was sustained in the course of appellant's employment. Moreover, we hold that the fact findings of the commission were supported by credible evidence.

In determining whether appellant's accidental injury arose out of his employment, Virginia adheres to the "actual risk" doctrine. That test "'excludes an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment.'" Bernard v. Carlson Cos. – TGIF, 60 Va. App. 400, 405, 728 S.E.2d 508, 511 (2012) (quoting Taylor v. Mobil Corp., 248 Va. 101, 107, 444 S.E.2d 705, 708 (1994)). Thus, "[a]n 'actual risk of employment' is 'not merely the risk of being injured while at work.'" Id. (quoting Taylor, 248 Va. at 107, 444 S.E.2d at 708). Rather, "[u]nder the actual risk test, an injury comes within the

Act 'only if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done.'" Simms v. Ruby Tuesday, Inc., 281 Va. 114, 122, 704 S.E.2d 359, 363 (2011) (quoting Hilton v. Martin, 275 Va. 176, 180, 654 S.E.2d 572, 574 (2008)).

> "Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But [the applicable test] excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Id. at 122-23, 704 S.E.2d at 363 (alteration in original) (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)). Lastly, distractions that cause the injury may be compensable if they are not "'unrelated to any hazard common to the workplace.'" Marion Corr. Treatment Ctr. v. Henderson, 20 Va. App. 477, 480, 458 S.E.2d 301, 303 (1995) (quoting United Parcel Service v. Fetterman, 230 Va. 257, 259, 336 S.E.2d 892, 893 (1985)) (holding that because appellant's job responsibilities included watching tower guards rather than steps, his injury caused by missing a step while watching tower guards did arise out of his employment).

Applying the actual risk test to these circumstances, this Court holds that appellant's injury did not arise out of his employment. At the time of the accident, appellant was complaining to Kitt that he did not want to report to work at 12:30 p.m. when the fireworks event did not start until nightfall. Appellant's risk of tripping over a curb in the parking lot was not caused by his employment but rather presented an equal risk to any person walking inattentively

in the parking lot.  Moreover, the distraction that caused appellant's injury is not linked to any of his job responsibilities as was the case in <u>Henderson</u>.  Furthermore, appellant admitted that the physical arrangement of the cement parking block was neither unique nor irregular; he merely stated that its proximity to the brick retaining wall was strange.  The mere fact that the parking block was located at the workplace, in absence of other factors, did not create a causal relationship between appellant's fall and the conditions of his employment.  Lastly, the position of appellant's duty belt at the time of the fall was not the origin of the injury; to be compensable an injury "must appear to have had its origin in a risk connected with the employment."  <u>Simms</u>, 281 Va. at 123, 704 S.E.2d at 363.  Thus, this Court holds that the commission did not err in concluding that appellant's injury did not arise out of his employment.

IV.  CONCLUSION

For the foregoing reasons, this Court holds that the commission did not err in holding that appellant's injury did not arise out of a risk of his employment.  Accordingly, this Court affirms the commission's holding.

<u>Affirmed.</u>