COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and Alston
Argued at Richmond, Virginia

UNPUBLISHED

JAMILLA BURNEY-DIVENS

MEMORANDUM OPINION* BY
v.      Record No. 1588-15-2          JUDGE WILLIAM G. PETTY
                                      MAY 3, 2016

COMMUNITY CORRECTIONS ADMINISTRATION/
 COMMONWEALTH OF VIRGINIA


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Brooke T. Alexander (Reid Goodwin, PLC, on brief), for appellant.

Mary Hendricks Hawkins, Assistant Attorney General (Mark R.
Herring, Attorney General; Rhodes B. Ritenour, Deputy Attorney
General; Scott John Fitzgerald, Senior Assistant Attorney General,
on brief), for appellee.


Jamilla Burney-Divens ("employee") appeals a decision of the Workers' Compensation

Commission denying her claim. On appeal, employee argues that the Commission erred in

finding that she failed to prove a compensable injury by accident arising out of her employment

when she was involved in a single-car rollover accident resulting in memory loss regarding the

rollover because: (1) The Commission failed to properly apply the facts of her pre-existing

migraines, testimony of vision loss, and medical records documenting vision loss to an idiopathic

condition, (2) the Commission erred in finding that pleading two alternative theories of

compensability concedes an uncertainty that leads to the failure of employee to meet her

evidentiary proof for either theory, and (3) the Commission erred in holding that PYA/Monarch

and Reliance Ins. Co v. Harris, 22 Va. App. 215, 468 S.E.2d 688 (1996), controls the facts of this

case. For the following reasons, we affirm the Commission's ruling.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "Under settled principles of appellate review, we consider the evidence in the light most favorable to employer, as the prevailing party before the commission." Layne v. Crist Elec. Contr., Inc., 64 Va. App. 342, 345, 768 S.E.2d 261, 262 (2015). "Consistent with this well-established standard, 'we cannot "retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of the witnesses."'" Id. (quoting McKellar v. Northrop Grumman Shipbuilding Inc., 63 Va. App. 448, 451, 758 S.E.2d 104, 105 (2014)). "In addition, the commission's 'conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal.'" Id. (quoting McKellar, 63 Va. App. at 451, 758 S.E.2d at 105).

Here, the evidence established that employee worked as a regional administrator for the Community Corrections Administration ("employer"). In that role, she spent approximately seventy-five percent of her time driving, in a car provided for her by employer. On August 20, 2012, employee sustained a compensable injury by accident and injured her lower back. On September 17, 2012, she had a medical appointment for her lower back pain. She did not take her lower back pain medication that morning because the side effects hindered her driving. After her appointment, she picked up her employer-provided vehicle from her home in Martinsville and began driving to Staunton for a meeting with her supervisor. During the drive, she was involved in a single-car accident in which her car left the road and went down an embankment. Employee testified that after driving past a sign for Boones Mill, her vision diminished and started blurring. The next thing she remembered was crawling out of the car and hearing a

bystander ask if she was all right. She did not remember what specifically caused her to run off the road.

At the hearing before the deputy commissioner, employee alleged that her accident was caused by an idiopathic condition of blurred vision due to her pre-existing migraine headaches. In the alternative, she alleged that the accident occurred when she experienced a black-out episode due to her severe back pain. The deputy commissioner found the evidence insufficient to prove either of these theories. The deputy commissioner therefore ruled that employee's accident was "unexplained" and denied her claim. On review, the full Commission rejected employee's argument that she suffered visual problems as a result of an idiopathic condition. It went on to agree with the deputy commissioner, holding that

> [e]ven if we assume that visual problems developed before the accident, it is also unknown whether these problems played a causative role in the accident. We cannot infer from the existence of visual problems alone that they played a causative role in the accident. The accident could have been caused by another vehicle running the claimant off the road, or by the claimant attempting to avoid a deer, or by some mechanical problem with her car, or by some other factor independent of her blurred vision. . . . The claimant simply has no memory of the events which caused the accident, and the evidence she introduced failed to establish the cause.

Employee now appeals.

## II. ANALYSIS

Employee alleges the Commission erred in denying her claim for three reasons. We address them in order:

## A. Idiopathic Condition

First, employee argues that the Commission erred in finding that she failed to prove that she had a loss of vision from an idiopathic condition which caused her accident. An idiopathic accident is one where the injury was "caused by a preexisting personal disease of the employee."

- 3 -

Southland Corp. v. Parson, 1 Va. App. 281, 283, 383 S.E.2d 162, 163 (1985).  Whether an accident was caused by an idiopathic condition is a finding of fact.  See id.  "'[W]e are bound by [the Commission's] findings of fact as long as "there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved."'"  City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008) (quoting Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 494, 497 (2005)).  "Factual findings of the commission will not be disturbed on appeal unless plainly wrong or without credible evidence to support them."  Ga. Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993).  "[T]he existence of 'contrary evidence . . . in the record is of no consequence if credible evidence supports the commission's finding.'"  Griffin, 51 Va App. at 312, 657 S.E.2d at 784 (alteration in original) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)).

In this case, the Commission found that there was not credible evidence proving the employee had an idiopathic condition that caused her to lose her vision at the time of the accident.  The Commission reached this finding because "despite thorough diagnostic testing, claimant's medical providers were unable to identify any idiopathic condition existing at the time of the accident."  As the Commission recognized, the medical evidence included notations from multiple physicians regarding employee's history of migraine headaches.  However, employee's emergency treating physician noted only a "possible headache prior to crash" and "[u]nclear etiology for why she had [a motor vehicle accident], as labs thus far negative, EKG pending, CXR pending, troponin negative and CT head negative."  It was also noted that employee "[w]as driving today belted and had incident-where visual fields blurred and felt acute change of consciousness.  Reports no history of seizure but has migraines and does have visual changes from these.  Incomplete memory of accident, some retrograde amnesia here in ER, neg[ative] for headache, does have lumbar back pain and nausea."  On September 25, 2012, a therapist

- 4 -

evaluating employee wrote: "She does not recall the events, and it is not clear if she lost consciousness prior to, or during/after the collision . . . . Head CT was negative for acute abnormalities." Based on this evidence, the Commission found that employee's treating physicians "could find no cause for any such visual problems" and "never indicated that the claimant experienced a migraine at the time of the accident or that the cause of the accident was related to a migraine."

In addition to the inconclusive medical evidence, the Commission did "not accept as reliable [employee's] testimony that she experienced visual problems prior to the accident." On appeal, we defer to this credibility determination. See Layne, 64 Va. App. at 345, 768 S.E.2d at 262. At the hearing before the deputy commissioner, employee testified that prior to her accident she was driving and stated, "I just remember that Boones Mill sign, I remember my brain saying, there's Boones Mill. And then things begin to fade out . . . ." Employee did not remember anything from that point until she was in the crashed car and a bystander asked if she was all right. The medical evidence confirmed that employee had "significant memory problems regarding the events of the accident."

The Commission also stated that "at best, the evidence reflects that the claimant experienced some visual problems at some time around the time of the accident. . . . [W]e decline to infer the symptoms were caused by a migraine . . . ." Employee testified that she had a history of migraines since the twelfth grade and that her migraines were associated with loss of vision. Employee remembered having blurred vision at the time of the accident but could not remember whether she was having a migraine. The Commission noted that "the claimant herself, who certainly knows her migraine symptoms, failed to testify that she was experiencing migraine symptoms at the time of the accident."

- 5 -

Because employee's testimony and the medical evidence presented were inconclusive, it was not plainly wrong for the Commission to find that employee did not experience migraine-induced vision loss prior to her accident.  Accordingly, the Commission did not err in finding that employee's accident was not caused by an idiopathic condition.

B.  Alternative Theories of Compensability

Next, employee argues that the Commission erred in finding that pleading two alternative theories of compensability caused employee to automatically fail to meet her burden of proof for either theory.  In its opinion, the Commission stated:

> The claimant has the burden of proving, by a preponderance of the evidence, that her accident arose out of the employment.  Accordingly, the claimant must show a causal relationship between her injury and the conditions under which her work was required to be performed.  See R&T Investments, Ltd. v. Johns, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984) (internal citation omitted).
> The difficulty we have with the claimant's evidence in the present case is well-exemplified by the fact that she advanced two theories below as to the mechanism, or cause of the accident.  The initial theory was that back pain from an earlier compensable injury was so severe that it caused her to blackout.  The second theory was that she had an idiopathic condition which caused her to have blurred vision, which, in turn, caused the accident.  By advancing two distinct theories as to the cause of the accident, the claimant, in effect, concedes that she does not know its cause.  This is further illustrated by the claimant's testimony below, and in the medical histories she provided, that she did not know what caused the accident.

Employee correctly points out that in Virginia, a litigant "may plead alternative facts and theories of recovery" and "state as many separate claims or defenses as he has regardless of consistency."  Rule 1:4(k); see also Code § 8.01-281(A); Hoar v. Great E. Resort Mgmt., 256 Va. 374, 382, 506 S.E.2d 777, 782 (1998); Cooper v. Horn, 248 Va. 417, 423, 448 S.E.2d 403, 406 (1994).

However, we disagree with employee's interpretation of the language in the Commission's majority opinion. The Commission did not hold that employee *could not* advance two alternative theories of compensability and still meet her burden of proof. Instead, the Commission found that in this case the medical evidence and testimony presented by employee did not prove either of her theories. The Commission merely pointed out that, in addition to the lacking evidence, employee's presentation of two alternative theories was yet another *factor* demonstrating that employee did not definitively know the cause of her accident. Because the Commission did not make the finding that employee asserts it did, we hold that this assignment of error is without merit.

C.  Commission's reliance on PYA/Monarch

Lastly, employee argues that the Commission erred in relying on PYA/Monarch and Reliance Ins. Co. v. Harris, 22 Va. App. 215, 468 S.E.2d 688 (1996), in deciding this case.

From the outset, we note that the Commission itself did not cite PYA/Monarch in its opinion. Only the deputy commissioner cited PYA/Monarch, and the Commission's opinion quoted and affirmed the deputy commissioner's opinion. The Commission's opinion explicitly found that employee did not prove an idiopathic condition or some other cause for the accident. Thus, the Commission did not rely specifically on our holding in PYA/Monarch, but rather relied on our long-standing recognition that an employee is required to establish that her injuries arose out of an actual risk of her employment.

Under our workers' compensation statute, "[t]he claimant ha[s] the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that she suffered an injury by accident which arose out of and in the course of the employment." Cent. St. Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985). "Thus, for an injury to be compensable under the Workers' Compensation Act, the claimant must prove three

elements: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment." Liberty Mut. Ins. Corp. v. Herndon, 59 Va. App. 544, 555-56, 721 S.E.2d 32, 38 (2012) (quoting Southland Corp., 1 Va. App. at 283-84, 338 S.E.2d at 163).

"The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (*en banc*) (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335-36, 196 S.E. 684, 686 (1938)). And "[t]he burden rests upon claimant 'to prove them by a preponderance of the evidence.'" Id. (quoting Baggett Transp. Co. v. Dillon, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978)). In this case, the only element of a compensable injury at issue on appeal is whether the injury "arose out of the employment."[1]

Whether an accident "arises out of the employment involves a mixed question of law and fact and is thus reviewable on appeal." Liberty Mut., 59 Va. App. at 555, 721 S.E.2d at 37 (quoting PYA/Monarch, 22 Va. App. at 221, 468 S.E.2d at 689). "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 358, 597 S.E.2d 286, 289 (2004) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997)). "The commission, like any other fact finder, may consider both direct and circumstantial evidence in its disposition of a claim. Thus, the commission may properly

[1] There is no dispute that employee's injuries were caused by her accident. Additionally, the parties stipulated that employee's accident took place "in the course of her employment." An injury sustained while traveling to or from work does not generally occur "in the course of employment," and is therefore not compensable. Sentara Leigh Hosp. v. Nichols, 13 Va. App. 630, 636, 414 S.E.2d 426, 429 (1992). However, employee established that her injury came under one of the exceptions to this rule: "where the means of transportation used to go to and from work is provided by the employer." Id. Employee's accident occurred while she was driving to work in a vehicle provided by employer. Therefore, her injury was sustained in the course of employment.

consider all factual evidence, from whatever source, in its decision whether or not a condition of the workplace caused the injury." Id. (quoting VFP, Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2003)). Moreover, "[t]he commission is authorized to draw reasonable inferences from the evidence, Beland, 43 Va. App. at 359, 597 S.E.2d at 289, and on appeal, we will not disturb reasonable inferences drawn by the commission from the facts proven by the evidence presented." Turf Care, Inc. v. Henson, 51 Va. App. 318, 324, 657 S.E.2d 787, 789-90 (2008).

"To satisfy the 'arising out of' prong of the compensability test, [employee] had to prove that 'there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Marketing Profiles, 17 Va. App. at 434, 437 S.E.2d at 729 (quoting Bradshaw, 170 Va. at 335, 196 S.E. at 686). "Virginia follows the 'actual risk' doctrine which 'excludes "an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment."'" Bernardo v. Carlson Cos. — TGIF, 60 Va. App. 400, 405, 728 S.E.2d 508, 511 (2012) (quoting Taylor v. Mobil Corp., 248 Va. 101, 107, 444 S.E.2d 705, 708 (1994)). Under the actual risk standard, the general rule is that "[t]he causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant." Turf Care, 51 Va. App. at 325, 657 S.E.2d at 790 (quoting Beland, 43 Va. App. at 356-57, 597 S.E.2d at 288). "Put another way, an injury is not compensable merely because it occurred during the performance of some employment duty if the act performed by the employee is not a causative hazard of the employment." Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000). "To be compensable, an injury must grow out of the risks particular to the nature of the work. 'Risks to which all persons similarly situated are equally exposed and not

traceable to some special degree to the particular employment are excluded.'" Hercules, Inc. v. Stump, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986) (quoting Dreyfus & Co. v. Meade, 142 Va. 567, 570, 129 S.E. 336, 337 (1925)).

For example, "[s]imple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Ellis, 33 Va. App. at 829, 537 S.E.2d at 37. "[T]he mere happening of an accident at the workplace, not caused by any work-related risk or significant work-related exertion, is not compensable." Id. at 830, 537 S.E.2d at 38. Thus, in Ellis, an injury that occurred when claimant bent over to pick up a tray from a dining table did not "arise out of the employment." Id. at 829, 537 S.E.2d at 37. We noted that "the action of bending was neither unusual, awkward, nor something that Ellis was required to do on a repetitive basis." Id. And in Richmond Memorial Hospital v. Crane, 222 Va. 283, 284, 278 S.E.2d 877, 878 (1981), the claimant tore a muscle while she was walking at work. The Supreme Court held that her injury did not arise out of her employment because she "was walking along a level, clean, unobstructed and well-lighted corridor. . . . Nothing in her work environment contributed to her injury." Id. at 285-86, 278 S.E.2d at 879. And in Snyder v. City of Richmond Police Department, 62 Va. App. 405, 409-10, 748 S.E.2d 650, 652-53 (2013), the claimant tripped over a parking block in the parking lot at his workplace while walking and talking. The cement parking block was neither unique or irregular, and claimant's distraction was not linked to his job responsibilities. Id. at 414, 748 S.E.2d at 655. Applying the "common to the neighborhood" rule, we held that the injury was non-compensable because "appellant's risk of tripping over a curb in the parking lot was not caused by his employment but rather presented an equal risk to any person walking inattentively in the parking lot." Id.

From these principles we have developed a rule of law that we set out in PYA/Monarch. That rule, simply put, is that where it is equally likely that an injury was a result of an everyday

risk common to the neighborhood as it was a result of an actual risk of employment, the employee has failed to meet his burden of proof that the injury arose out of his employment. PYA/Monarch, 22 Va. App. at 221-22, 468 S.E.2d at 691.[2]  In PYA/Monarch, claimant was a truck driver who found himself lying on the ground with a head injury outside of his truck in icy conditions. Id. at 219, 468 S.E.2d at 690.  He could not remember the incident, but alleged that he had fallen while getting out of the truck due to icy conditions or a defect in the truck design. Id. at 220, 468 S.E.2d at 690.  However, claimant never testified that he slipped, tripped, or lost his grip while getting out of the truck, and no witnesses saw the incident. Id. at 219, 224, 468 S.E.2d at 690, 692.  "Claimant also stated that his wife thought 'somebody coldcocked [him]

_____

[2] Case law discussing the street risk doctrine suggests that the "common to the neighborhood" rule does not apply when an employee is driving on public roads in the course of their employment. See Bernardo, 60 Va. App. at 408, 728 S.E.2d at 512 ("Under the 'street-risk rule,' Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 435, 437 S.E.2d 727, 730 (1993) (*en banc*), the generally applicable principles — excluding coverage for unpeculiar risks, common to everyone — do not necessarily apply to vehicle accidents caused by ordinary street risks.  'An *exception to the rule* that the risk of employment must be a risk to which the common neighborhood is not exposed is the 'Street Risk Doctrine.'  This principle recognizes compensable injuries that occur in vehicular collisions while an employee is on his or her master's business.'  Lawrence J. Pascal, Workers' Compensation Practice in Virginia ¶ 2.401, at 58 (8th ed. 2011) (emphasis added).").  Under the street risk doctrine, an injury is compensable if the claimant "establish[es] by a preponderance of the evidence (1) that his or her duties to the employer require his or her presence upon the public streets, and (2) that his or her injury arose from an actual risk of that presence upon the streets . . . ." Hill v. Southern Tank Transp., Inc., 44 Va. App. 725, 730, 607 S.E.2d 730, 732 (2005) (quoting Sentara Leigh, 13 Va. App. at 634-35, 414 S.E.2d at 428).

In this case, however, employee never argued that her injuries are compensable under the "street risk doctrine." "On appeal we do not consider any argument not raised before the commission.  Thus, no other theory of recovery will be considered.  Rule 5A:18." Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987).  By failing to argue that the street risk doctrine applied in this case, employee has waived reliance on its application pursuant to Rule 5A:18.

Furthermore, employee has failed to argue to this Court the application of the street risk doctrine. "'Rule 5A:20(e) requires that an appellant's opening brief contain "[t]he principles of law, the argument, and the authorities relating to each question presented." Unsupported assertions of error "do not merit appellate consideration."'" Fadness v. Fadness, 52 Va. App. 833, 850, 667 S.E.2d 857, 865 (2008) (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008)).

- 11 -

when [he] got out of the truck.'" Id. at 219, 468 S.E.2d at 690 (alterations in original). This Court held that "no credible evidence" established that claimant had actually fallen out of or from the truck cab. Id. at 224, 468 S.E.2d at 692. The evidence only established that claimant found himself inexplicably lying on the ground. Id. at 224-25, 468 S.E.2d at 692. Thus it was equally likely that claimant's injuries occurred when he was already on the ground, and were caused by a risk that was "common to the neighborhood" and unrelated to employment. Because it was mere speculation that claimant fell while exiting the cab of his truck, the claimant in PYA/Monarch did not establish that his injuries "arose out of the employment." Id.

In contrast, an employee's injuries may be compensable if she can establish that the accident arose out of the employment by demonstrating "a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." Liberty Mut., 59 Va. App. at 556, 721 S.E.2d at 38 (quoting United Parcel Serv. of Am. v. Fetterman, 230 Va. 257, 258, 336 S.E.2d 892, 893 (1985)). In other words, for an injury to qualify as arising out of employment, the claimant must establish a "critical link between the conditions under which his work was required to be performed and his injury." Turf Care, 51 Va. App. at 327, 657 S.E.2d at 791 (critical link established where claimant fell from a forty-foot ladder while leaning over to clean gutters); see also Liberty Mut., 59 Va. App. at 561-62, 721 S.E.2d at 40-41 (critical link established where claimant fell two stories while working next to an unusual hole in the floor); Griffin, 51 Va. App. at 316, 657 S.E.2d at 785-86 (critical link established where claimant fell from a height when executing an awkward maneuver to get out of his truck cab using a worn, rusted step); Beland, 43 Va. App. at 359-60, 587 S.E.2d at 289-90 (critical link established where claimant fell from ladder while leaning over and applying tar to a wall).

In this case, having upheld the Commission's finding that employee's accident was not caused by an idiopathic migraine condition, we look to whether employee established any other causal connection between her injury and her employment. Employee's only asserted cause for the accident is that her vision "blacked-out" while she was driving. However, like the claimant in PYA/Monarch, employee did not remember the cause of her accident and did not present any medical evidence affirmatively establishing a cause. Rather, employee merely speculated that her car ran off the road because she experienced vision problems.

We defer to the Commission's determination that employee's testimony that she experienced visual problems, for any reason, prior to the accident was not credible. As the Commission noted, employee had significant memory problems and did not recall anything between driving past the Boones Mill sign and being in her wrecked car off the road. And, even assuming employee suffered visual problems, medical evidence stated that it was unclear whether she lost vision before, during, or after the accident. The medical evidence described employee's amnesia and memory problems surrounding the accident, but did not identify vision loss or any other cause of the accident. Employee herself testified that she was unsure what caused the accident. Because neither testimony nor medical evidence established a causal connection between employee's employment and her injuries, we affirm the Commission's holding that her accident did not arise out of her employment.

## III. CONCLUSION

We hold that employee failed to establish that her injury arose out of her employment. The Commission's finding that employee did not suffer an idiopathic condition was supported by credible evidence. Additionally, employee failed to demonstrate that her accident was caused by an actual risk of employment. Accordingly, we affirm the Commission's denial of an award.

Affirmed.

- 13 -