COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, Chafin and O'Brien
Argued at Williamsburg, Virginia


CITY OF VIRGINIA BEACH

v.      Record No. 1531-18-1

NORA HAMEL

MEMORANDUM OPINION* BY
JUDGE TERESA M. CHAFIN
FEBRUARY 26, 2019


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Kathleen Keffer, Assistant City Attorney (Mark D. Stiles, City
Attorney; Christopher S. Boynton, Deputy City Attorney, on brief),
for appellant.

No brief or argument for appellee.


The City of Virginia Beach ("the City") appeals a decision of the Workers'

Compensation Commission awarding benefits to Nora Hamel for injuries sustained on August 1,

2016. On appeal, the City contends that the Commission erred by determining that Hamel's

injuries arose out of her employment. For the following reasons, we reverse the Commission's

decision.

I. BACKGROUND

On appeal from a decision of the Workers' Compensation Commission, the evidence and

all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below. Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72

(2003). So viewed, the evidence establishes that on August 1, 2016, Hamel was employed by the

City as a licensed professional counselor in its Department of Human Services. As part of her

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

employment, Hamel was required to attend an off-site mandatory training at a community college.

When Hamel arrived on campus, she parked her vehicle "really far" from the building and asked for directions to the building in which the training was being held. As Hamel approached the building, she stepped over a curb into a grassy area containing exposed tree roots. Hamel tripped twice and fell over one of two raised tree roots and incurred injuries to her face, head, right shoulder, right wrist, right hand, and cervical and lumbar regions. The tree roots protruded approximately two inches above the ground. Hamel testified that she did not see the tree roots before tripping.

Hamel filed applications seeking lifetime medical and temporary total disability benefits from August 1, 2016 through December 16, 2016. The parties stipulated that if Hamel was disabled as a result of the accident, she was entitled to temporary total disability benefits for that time period.

During the March 15, 2017 hearing before the deputy commissioner, Hamel agreed that she was not told where to park or assigned parking for the training. Further, she stated that there were other available routes to the building in which the training was to be held and that there was nothing defective about the sidewalk. The City contended that Hamel's injuries did not arise out of her employment because there was no causal connection between her work conditions and her purported injuries.

In his May 16, 2017 decision, the deputy commissioner found that Hamel "failed to prove by a preponderance of the evidence that her fall and resulting injuries arose out of a risk peculiar to her employment." The deputy commissioner went on to find that Hamel "failed to prove the existence of a 'critical link' between her attendance at the mandatory training and the necessity of traversing over the specific grassy area with raised roots that caused her to trip and fall."

Hamel requested review by the full Commission. She contended that proof of a "critical link" between her attendance at the training and the way she walked to the building was unnecessary as Virginia does not subscribe to the contributory negligence doctrine under the Virginia Workers' Compensation Act. Hamel claimed that she was required to cross the parking lot to attend the mandatory training, and therefore, tripping over the root was a "risk of employment" under the actual risk test.

On January 3, 2018, the full Commission reversed the deputy commissioner's May 16, 2017 opinion. The Commission disagreed with the City's contention that the "going and coming rule" prevented Hamel's injury from arising out of employment and applied the "special errand" exception to Hamel's incident, ruling that she did, in fact, suffer injuries in the course of her employment. Because she was required to attend the off-premises training, Hamel was "in the course of employment" until she returned to her regular workplace or home. The Commission further rejected the City's contention that "compensability necessitates a risk that is 'unique' to the employment or is one to which the general public is not also exposed." Hamel's claim was remanded to the deputy commissioner for further findings as to "the extent of the claimant's causally related injuries and her request for approval of additional medical treatment and surgery."

The deputy commissioner found on remand in his March 27, 2018 decision that Hamel had, in fact, suffered compensable injuries to her right hand, right wrist, right shoulder, head, and neck and that "all treatment represented in [Hamel's medical records] . . . was reasonable, necessary, and causally related to [her] August 1, 2016 fall."

The City requested that the full Commission once again review its finding that Hamel's injuries arose out of her employment. The Commission declined to reconsider its January 3, 2018 opinion finding that "the exposed tree roots and uneven surface [Hamel] was walking

across constituted a risk of employment, and caused injuries that arose out of her employment." The Commission affirmed the deputy commissioner's March 27, 2018 decision.

The City now appeals to this Court.

## II. ANALYSIS

On appeal, the City challenges the Commission's decisions finding that Hamel's injuries arose out of her employment. Specifically, the City argues that Hamel failed to establish a causal connection between a special risk to her employment with the City and her injury. For the reasons that follow, we agree with the City's position and reverse the Commission's holding.

"The question of '[w]hether an accident arises out of the employment is a mixed question of law and fact.'" Cleveland v. Food Lion L.L.C., 43 Va. App. 514, 518 (2004) (quoting Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483 (1989)). This Court is bound by the Commission's underlying factual findings if those findings are supported by credible evidence. See Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83-84 (2005) (*en banc*). However, we review *de novo* the Commission's definitive decision with regard to whether the accident arose out of Hamel's employment with the City. See Caplan v. Bogard, 264 Va. 219, 225 (2002).

> For an injury to be compensable under the Workers' Compensation Act [("Act")], the claimant must prove by a preponderance of the evidence three elements: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of employment; and (3) that the injury arose out of the employment.

Snyder v. City of Richmond Police Dept., 62 Va. App. 405, 412 (2013) (quoting Southland Corp. v. Parson, 1 Va. App. 281, 283-84 (1985)). "The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433 (1993) (*en banc*) (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335-36 (1938)). In this case, there is no question that Hamel sustained injuries due to an accident that occurred in the course of her employment.

Thus, the sole issue we address on appeal is whether Hamel's injuries arose out of her employment with the City.

This Court has held that "[a]n accident arises out of the employment when there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." Liberty Mut. Ins. Corp. v. Herndon, 59 Va. App. 544, 556 (2012) (citation omitted). In order to ascertain whether such a causal connection exists, Virginia applies the "actual risk test." Id.

> "Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But [the applicable test] excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Snyder, 62 Va. App. at 413 (alteration in original) (quoting Simms v. Ruby Tuesday, Inc., 281 Va. 114, 122-23 (2011)).

"[W]here a claimant has sufficiently proved the existence of a causal relationship between the injury and a hazard in the workplace that is 'uniquely dangerous and not something that would routinely be encountered by anyone,' the injury necessarily arises out of the employment." Herndon, 59 Va. App. at 559 (quoting Turf Care v. Henson, 51 Va. App. 318, 326 (2008)). "If, however, a claimant cannot establish a causal relationship between a purported work hazard and his injury, the claimant cannot recover under the Workers' Compensation Act." Id.

The City contends on appeal that Hamel failed to establish a causal connection between a special risk to her employment and her injury, as the deputy commissioner initially found in this case. Hamel was unsuccessful in proving a "critical link" between her attendance at the training and the necessity of walking over the grassy area with raised tree roots that caused her to fall. Applying the actual risk test to the facts of this case, it is clear that Hamel's injuries did not arise out of her employment with the City. While the training attended by Hamel was deemed mandatory by her employer, the City did not instruct her where to park or which route to take to the building in which the training was being held. There were no parking permits issued or parking spaces assigned to City employees and others attending the training on campus. Therefore, Hamel's risk of tripping over the tree roots was equal to that of any member of the general public walking on the unpaved area adjacent to the sidewalk. The fact that Hamel was mandated to be on campus by the City did not create a causal relationship between a special risk of her employment and her injury. Hamel's injuries were, thus, not compensable. See Hercules, Inc. v. Stump, 2 Va. App. 77, 79 (1986) ("Risks to which all persons similarly situated are equally exposed and not traceable to some special degree to the particular employment" are not compensable. (quoting Dreyfus & Co. v. Meade, 142 Va. 567, 570 (1925))).

III. CONCLUSION

For the above-stated reasons, we hold that the Commission erred in holding that Hamel's injuries arose out of a risk of her employment with the City. We, therefore, reverse the holding of the Commission.

Reversed.